Allen *v.* Allen.

---

## JACKSON ALLEN *vs.* JOHN ALLEN.

Definite boundaries, given in a deed, will limit the generality of a term, previously used, which if unexplained would have included a greater quantity of land.

Thus, where the description was, " my homestead farm, being lot No. 13, in range 4 ;" *it was held,* that nothing passed by the deed excepting lot No. 13, although the grantor occupied other land adjoining that lot.

EXCEPTIONS from the Court of Common Pleas, *Whitman C. J.* presiding.

This was a writ of entry to recover twenty-five acres of land in *Jay.* Both parties derived title under *Asa Allen.* The demand-

ant claims by a deed describing the land thus, " my homestead farm, situated in said *Jay*, being lot No. 13, in range 4, containing one hundred acres of land, be the same more or less, with the buildings thereon." The premises demanded were a part of lot No 13, in range 3, and adjoined No. 13, in range 4. The demandant offered to prove, that at the time of the execution of that deed, that *Asa Allen*, the grantor, occupied, owned and improved, as his homestead farm, lot No. 13, in the 4th range, and also that part of lot No. 13, in the 3d range demanded in this action ; that although the buildings were not on the demanded premises, his barn was within a few feet of the line of the lots ; that no distinction was made between the lots in the improvement of them. He also offered to prove, that when he afterwards purchased the title of the grantee, at public auction, both parties to that deed were present, and that no notice was given, that the premises demanded were not a part of the premises described in the deed from *Asa Allen.* All this evidence was rejected by the Judge, who ruled, that the evidence produced and offered was insufficient to maintain the action, and directed a nonsuit. The defendant excepted.

*R. Goodenow*, for the demandant, argued, that the first part of the deed, " my homestead farm in *Jay*," conveyed all the homestead farm, and that the words following, being inconsistent with them, should be rejected. The number of the lot is descriptive of the farm, and not the farm descriptive of the lot. The testimony offered was to show the extent of the homestead farm, at the time of the conveyance, and is clearly admissible. *Worthington* v. *Hylyer*, 4 *Mass. R.* 205 ; *Cate* v. *Thayer*, 3 *Greenl.* 71 ; *Willard* v. *Moulton*, 4 *Greenl.* 14 ; *Keith* v. *Reynolds*, 3 *Greenl.* 393 ; *Drinkwater* v. *Sawyer*, 7 *Greenl.* 366 ; *Vose* v. *Handy*, 2 *Greenl.* 322 ; *Allen* v. *Richards*, 5 *Pick.* 512 ; *Storer* v. *Freeman*, 6 *Mass. R.* 435 ; *Leland* v. *Stone*, 10 *Mass. R.* 459 ; *Fowle* v. *Bigelow*, *ib.* 379.

*Deblois* and *Washburn*, for the tenant, argued, that the intent of the parties to the deed must govern, when it can be ascertained from the description in the deed. The word *homestead*, has no other meaning, than merely where he lived, where his house was, and the extent was ascertained by the description. The word means no more, than my home lot. But taking the whole description

together, no doubt can remain. There is no conflict in the different parts of the description, and in that respect it is unlike the cases cited for the demandant. Conflicting particulars in the description in a deed, should be reconciled, if possible. *Allen* v. *Littlefield*, 7 *Greenl.* 220 ; *Lyman* v. *Clark*, 9 *Mass. R.* 238 ; *Jackson* v. *Myers*, 3 *Johns. R.* 388 ; *Child* v. *Fickett*, 4 *Greenl.* 471 ; 4 *Kent's Com.* 455.

The opinion of the Court, after a continuance, was prepared by

WESTON C. J. — *Asa Allen* conveyed to *Thomas Allen, jun.*, in mortgage, his homestead farm in *Jay*. In the same sentence, he describes what that homestead is, giving definite and well known bounds, " being lot thirteen in range four," excepting one fourth part on the west end, not in controversy. The lines and courses of that lot, are the monuments, to which he refers. As if he had said, my homestead farm, within the lines of lot thirteen in range four. If his homestead embraced more, he conveys it only within the limits prescribed.

He had a right to explain, what he meant by his homestead, which he does, in terms perfectly plain and intelligible. He may have occupied part of another lot, in such a manner, that if he had used the term homestead alone, the land in controversy might have passed. But why should he be precluded from using language in the deed, explaining what he did mean to convey ? And if that language is clear and unambiguous, why should not the conveyance be restricted and limited accordingly ? To decide otherwise, would be to hold a party to a meaning, which the language used does not warrant.

That there might be no mistake, as to what the homestead he conveyed included, he gave it definite boundaries. They were such, as can be located with entire precision. The land thus described, was his homestead ; but it would seem, not the whole of it. The term unexplained, would be understood to mean the whole, but explained, the conveyance embraces only the homestead within the limits given, if any regard is to be paid to the intention of the grantor, which is too plainly expressed to be misunderstood. The same question in principle, was presented to this Court in *Thorndike* v. *Richards*, 13 *Maine R.* 430, where definite boundaries given,

were held to limit the generality of a term, previously used, which if unexplained would have included a greater quantity of land.

In our opinion, the Judge, who presided at the trial, gave the true construction to the deed in question.

*Exceptions overruled.*